UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 19-47676

SCOTT FAULKNER,                                           Chapter 7
and ISABEL FAULKNER,
                                                          Judge Thomas J. Tucker
            Debtors.
_____ /

## OPINION AND ORDER DENYING THE DEBTORS' SECOND MOTION
## FOR RECONSIDERATION

This case is before the Court on the Debtors' motion entitled "Motion for

Reconsideration," filed September 13, 2019 (Docket # 30, the "Second Motion"), which the

Court construes as a motion for reconsideration of, and for relief from, the September 11, 2019

Order dismissing this case (Docket # 25). This is the Debtors' second such motion. The first

such motion was filed on September 11, 2019 (Docket # 26, the "First Motion"), and was denied

on September 13, 2019 (Docket # 29, the "September 13 Order"). The Second Motion now

before the Court also seeks reconsideration of the Court's September 13 Order's denial of the

First Motion.

The Court will deny the Second Motion, for the very same reasons why the Court denied

the Debtor's First Motion, stated in the September 13 Order (Docket # 29), and for additional

reasons stated below. Thus, the Court will deny the Second Motion for the following reasons.

First, the Court finds that the Second Motion fails to demonstrate a palpable defect by

which the Court and the parties have been misled, and that a different disposition of the case

must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the Court finds that the allegations in the Second Motion do not establish

excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from either the Order dismissing this case (Docket # 25) or the September 13 Order (Docket # 29).

Third, the Court finds that the Second Motion does not allege or demonstrate a valid excuse for the failure of both of the Debtors and the Debtors' attorney to do one of the following things: (1) appear at the show-cause hearing on September 11, 2019, as each of them was ordered to do by the Court's August 23, 2019 show-cause order (Docket # 22); or (2) pay the overdue filing fee no later than the day before the show-cause hearing.

Fourth, the Second Motion is incorrect to the extent that it argues that this case should have been, or now should be, reinstated *solely* because, within the meaning of L.B.R. 9024-1(c), "the default that caused the dismissal has been or can be cured." Meeting this standard, without more, may be necessary, but it is not sufficient standing alone, to *require* a reinstatement of this case. L.B.R. 9024-1(c) does not mean any such thing. If it did, court deadlines would be meaningless, because a party could always ignore the deadlines with impunity — because after suffering a dismissal the party could simply take the overdue action and automatically obtain a reinstatement of the case. In such a world, court deadlines would become meaningless. Rather, the standards that apply to the Debtors' motion(s) seeking reinstatement of this dismissed case — *i.e.*, reconsideration and relief from the order dismissing this case — are those governing motions for reconsideration (L.B.R. 9024-1(a)(3)) and motions for relief from judgment under Fed. R. Civ. P. 60(b), which applies in bankruptcy cases under Fed. R. Bankr. P. 9024. And this is why the Court's September 13 Order evaluated the Debtors' First Motion under those standards.

Fifth, even if the Debtor's apparent view of L.B.R. 9024-1(c) were correct, this case

2

would not be appropriate for reinstatement under the standard the Debtors advocate. That is because in this case, the Court cannot find that "the default that caused the dismissal has been or can be cured," within the meaning of L.B.R. 9024-1(c). This case was dismissed for two reasons: (1) because the filing fee was overdue and unpaid; and (2) because *none* of the parties that this Court ordered to appear for the September 11, 2019 show-cause hearing (each of the Debtors and the Debtor's attorney) appeared at that hearing. In failing to appear, each of these parties failed to obey the Court's August 23, 2019 show-cause order (Docket # 22), which ordered them to appear in court on September 11, 2019 at 9:00 a.m. While the Debtors paid the filing fee (after the case was dismissed), there is no "cure" that can be made for the failure of the Debtors and their attorney to appear at the September 11, 2019 show-cause hearing — *i.e.*, there is no "cure" possible for the fact that the Debtors and their attorney all violated the Court's August 23, 2019 show-cause order. Court orders must be obeyed, not ignored.

Sixth, the Second Motion alleges, as did the First Motion, in effect, that this case was dismissed because of neglect or a mistake by the Debtors' attorney (*e.g.*, "[a] bookeeping error by the [Debtors'] attorney," *see* Second Motion at ¶ 15(c)(ii)). But any neglect or mistake by the Debtors' attorney must be considered to be attributable to the Debtors, for purposes of determining whether such neglect or mistake was excusable. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the United States Supreme Court reasoned:

"Petitioner voluntarily chose this attorney as his representative in

3

the action, and he cannot now avoid the consequences of the acts
or omissions of this freely selected agent. Any other notion would
be wholly inconsistent with our system of representative litigation,
in which each party is deemed bound by the acts of his lawyer-
agent and is considered to have 'notice of all facts, notice of which
can be charged upon the attorney.'" . . .

This principle applies with equal force here and requires that
respondents be held accountable for the acts and omissions of their
chosen counsel.

507 U.S. at 397 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

Neither the allegations of the First Motion nor the allegations of the Second Motion
demonstrate a mistake or neglect by the Debtors' attorney that is excusable. Under the
circumstances, the type of mistake or neglect by the Debtors' attorney (or personnel in his office,
for which he is responsible) that is alleged in this case is not "excusable neglect." *See, e.g.,*
*Symbionics, Inc. v. Ortlieb*, 432 Fed. Appx. 216, 2011 WL 2076335 (4th Cir., May 23, 2011) at
*3; *In re Bonfiglio*, 2018 WL 5295879 (B.A.P. 6th Cir., October 24, 2018) at *5.

In *Bonfiglio*, for example, the Bankruptcy Appellate Panel held:

"'case law consistently teaches that out-and-out lawyer
blunders−the type of action or inaction that leads to successful
malpractice suits by the injured client—do not qualify as 'mistake'
or 'excusable neglect' within the meaning of Rule 60(b)(1).'"
*Barron v. Univ. of Mich.*, 613 F. App'x. 480, 487 (6th Cir. 2015)
(citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt,*
*Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)).

*Id.*

In the *Symbionics* case, the United States Court of Appeals for the Fourth Circuit
discussed in detail the application of the four *Pioneer Investments* factors in this type of attorney-
error situation. Among other things, *Symbionics* held that the third *Pioneer Investments* factor,

4

namely, "the reason for the delay, including whether it was within the reasonable control of the movant," is "the most important to the excusable neglect inquiry."  *See Symbionics, Inc. v. Ortlieb* at *3 (citation omitted).  In *Symbionics*, the Fourth Circuit held that the attorney's neglect in that case — a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar" — was not excusable neglect.  *Id.* at * 1, 3.  After noting that "[e]xcusable neglect is not easily demonstrated, nor was it intended to be," the Fourth Circuit found as follows:

> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1).  Counsel's total dependence on a computer application — the operation of which counsel did not completely comprehend — to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence.  Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, **this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past.**

*Id.* at *3 (emphasis added; citations omitted; internal record citation omitted).  The reasoning and holding of *Symbionics* applies to this case.  In this case we have, at best from Debtors' perspective, a case of "run-of-the-mill inattentiveness by counsel."

In this case, all the Debtors' attorney had to do was to check, or have someone on his office staff check, the Court's docket for this case, using PACER, to verify whether the filing fee had been paid.  If that had been done, the Debtors' attorney would have known that the filing fee had *not* been paid as of the end of the day before the show-cause hearing, and that as a result, both he and the Debtors were required to appear for the September 11, 2019 show-cause hearing.

5

The failure by the Debtors' attorney to make such a quick and easy check is neglect that is not excusable.

Seventh and finally, now that the Debtors have finally paid the filing fee for this case, the Debtors are no longer barred from filing a new bankruptcy case.

For these reasons,

IT IS ORDERED that the Second Motion (Docket # 30) is denied.

**Signed on September 19, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**